ELISHA RIGGS, plaintiff in error, v. GEORGE SAVAGE, defendant in error.

*Error to Warren.*

Under the 30th section of the 36th chapter of the Revised Statutes, the party against whom a verdict is rendered may, on application to the Court and payment of costs and damages within one year after the rendition of the first judgment, have a new trial as a matter of right, without showing cause. The Court may, also, within one year after the rendition of a second judgment, on application of the party and on being satisfied that justice will be promoted, award another trial. The second application, however, is addressed to the discretion of the Court, and its refusal to grant it cannot be assigned for error.

In the action of *ejectment,* as in other civil cases, the party against whom a verdict is rendered, is entitled to a new trial if sufficient legal cause exists, such as a misdirection on the part of the Court, or a finding of the jury unsupported by the evidence. The decisions of the Circuit Court refusing new trials in such cases may be reviewed in the Supreme Court.

EJECTMENT, in the Warren Circuit Court, brought by the plaintiff in error against the defendant in error. At the June term 1846, the Hon. Norman H. Purple presiding, the plaintiff entered a motion to vacate a judgment previously rendered and grant a new trial, founded on the Opinion of this Court, delivered at the December term 1845, reported in 2 Gilm. 400. The motion was overruled by the Court, and the case was again brought into this Court by writ of error.

*W. A. Minshall,* for the plaintiff in error, cited the 30th section of the Ejectment Act, and the case of *Riggs* v. *Savage,* 2 Gilm. 400.

*A. Williams,* for the defendant in error.

The Opinion of the Court was delivered by

TREAT, J.* This was an action of *ejectment* commenced by Riggs against Savage. A trial was had on the 8th of June, 1844, which resulted in a verdict and judgment for

---

*WILSON, C. J. and Justices KOERNER and DENNING did not sit in this case.

Riggs *v.* Savage.

Savage.   On the 8th of June, 1846, Riggs moved the Court
to vacate the judgment and grant a new trial, under the lat-
ter clause of the 30th section of the 36th chapter of the Re-
vised Statutes.   The motion was denied, and a bill of excep-
tions taken, embodying the evidence on which the applica-
tion was founded.   That decision is assigned for error.

The section before referred to reads as follows:   "The
Court in which such judgment shall be rendered, at any
time within one year thereafter, upon the application of the
party against whom the same was rendered, his heirs or as-
signs, and, upon the payment of all costs and damages re-
covered thereby, shall vacate such judgment, and grant a
new trial in such cause; and the Court, upon subsequent ap-
plication made within one year after the rendering of the sec-
ond judgment in said cause, if satisfied that justice will
thereby be promoted, and the rights of the parties more sat-
isfactorily ascertained and established, may vacate the judg-
ment, and grant another new trial; but no more than two
new trials shall be granted under this section."

By the former part of this section, the unsuccessful party,
if he makes the application and pays the costs and damages
within one year after the rendition of the first judgment, is
entitled to another trial as a matter of right without showing
cause.   In the action of *ejectment*, as in other civil cases,
the party against whom a verdict is returned, is also entitled
to a new trial, if sufficient legal cause exists, such as a mis-
direction on the part of the Court, or a finding of the jury
unsupported by the evidence.   The decisions of the Circuit
Court, refusing new trials in such cases, may be reviewed in
this Court.   But the application allowed by the latter part
of the section stands on a different footing.   The Court is
authorized, within one year from the rendition of the second
judgment, to vacate such judgment and award a new trial, if
satisfied that justice will be promoted, and the rights of the
parties more satisfactorily ascertained and established.   This
second application is addressed to the sound discretion of
the Court, and its decision thereon cannot be assigned for
error.   It is not demandable as a matter of course on the

payment of the costs and damages, as in the case of the application to vacate the first judgment, nor as a matter of strict legal right, as in the case of the ordinary motion for a new trial founded on an erroneous ruling of the Court, or an unauthorized finding of the jury. In this view of the case, it will not be necessary to look into the evidence presented to the Circuit Court.

The judgment is affirmed with costs.

*Judgment affirmed.*